```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
AISHAH ABDULLAH,                                                        :
                                                                        :
                                    Plaintiff,                          :        15-CV-3100 (JMF)
                                                                        :
                -v-                                                     :        MEMORANDUM OPINION
                                                                        :            AND ORDER
DIRECT MODEL MANAGEMENT, INC., et al.,                                  :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 21, 2015, Plaintiff Aishah Abdullah filed a Complaint alleging that Defendants Direct Model Management, Inc., Mykola Webster, and Atif Joseph committed breach of contract and violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Docket No. 1 ("Compl."), ¶¶ 10-13, 185-250; *see* Docket No. 27 (modifying the caption to correct the spelling of Joseph's name)). The Court scheduled an initial pretrial conference for September 24, 2015. (Docket Nos. 10, 13). By Order entered on September 22, 2015, however, the Court cancelled the initial conference because Defendants had failed to appear or answer the Complaint. (Docket No. 16 ("September 22, 2015 Scheduling Order")). In that same Order, the Court set a deadline for Plaintiff to file a motion for default judgment, a deadline for Defendants to oppose any such motion, and a default judgment hearing date of October 22, 2015. (*Id.*). Significantly, on September 24, 2015, Joseph appeared in Court despite the Order cancelling the initial conference; the Court's Deputy Clerk advised Joseph — who had appeared without a lawyer — that the conference had been canceled, provided him with a copy of the September 22, 2015 Scheduling Order, and directed him to the Court's *Pro Se* Office. (Transcript of October

22, 2015 Hearing ("Tr.") at 2-3; *see also* Docket No. 29 ("Joseph Motion")). Thereafter, Plaintiff filed her motion for default judgment. (Docket No. 23). None of the Defendants opposed the motion or appeared at the October 22, 2015 hearing. (Tr. 2-3). The Court then granted default judgment, finding Defendants jointly and severally liable under the FLSA and NYLL for back pay, unpaid wages, liquidated damages, attorneys' fees, costs, and interest totaling $52,209.25. (Docket No. 28).

On June 9, 2017 — *over nineteen months* after entry of the default judgment and the closing of the case — Joseph, proceeding *pro se*, filed a letter titled "Request to file motion to reopen judgment under FRCP 60(b)(6)." (*See* Joseph Motion).[1] In his letter, Joseph claims that, for most of 2014 and 2015, he lacked sufficient funds to obtain legal assistance and was "transient while daily and nightly working to obtain food and shelter." (*Id.* at 1). Joseph states that after seeking legal assistance from a *pro se* clinic in the Eastern District of New York and learning that he could make an appearance before the Court, he "appeared in court on a date that was assigned to the case" only to discover that the conference had been canceled. (*Id.*). Joseph claims that, thereafter, he received no further details regarding the case until the summer of 2017 "when [he] received an order of an INFORMATION SUBPOENA WITH RESTRAINING NOTICE." (*Id.*). Finally, Joseph argues that he has "many valid defenses" to the suit, as he was "never an owner of DIRECT MODEL MANAGEMENT, and no paid position at the company,

---

[1] Although Joseph's letter is styled as a "[r]equest" to file a motion, the Court treats it as an actual motion to vacate pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. It is clear from the text of the letter that that is what Joseph intended for it to be. Any doubt on that score is resolved by his later application for an extension of time to file a reply in connection with his "Motion to Vacate Pursuant to Rule 60(b)(6)." (Docket No. 34). (The Court granted Joseph an extension of the reply deadline, but he did not file a reply. (Docket No. 35).)

2

and no control over any of it's decisions," and thus asks that the Court "reopen the Default Judgment" under Rule 60(b)(6). (*Id.*).

These grounds are insufficient to justify relief from the default judgment. Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). On its face, Joseph's motion would seem most naturally to fall within the scope of Rule 60(b)(1), as the gravamen of his argument is that his failure to contest the default judgment was the result of inadvertence or excusable neglect. But reliance on Rule 60(b)(1) is foreclosed by Rule 60(c)(1), which provides — in no uncertain terms — that any motion under Subsection (b)(1) "must be made . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); *see, e.g.*, *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) ("This one-year limitations period is 'absolute,' even when the party seeking relief is *pro se* . . . ."), *appeal dismissed sub nom. Azkour v. Little Rest Twelve, Inc.*, No. 17-2082, 2017 WL 6764231 (2d Cir. Aug. 28, 2017).

It is perhaps for that reason that Joseph relies solely on Rule 60(b)(6). But that reliance is without merit for at least three independent reasons. First, to prevent litigants from "us[ing] Rule

3

60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)," the Second Circuit has held that Subsections (b)(1) and (b)(6) are "'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)). Here, as discussed, Joseph's conduct "generally falls" within the scope of Rule 60(b)(1). Accordingly, he may not rely on Rule 60(b)(6). Second, while the one-year limitations period does not apply to Rule 60(b)(6), a party must nonetheless make a motion under that Subsection of the Rule "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see Stevens*, 676 F.3d at 67. In this case, Joseph did not come close to meeting that requirement. He concedes, as he must, that he had notice of his case prior to entry of the default judgment; indeed, he even sought advice from a legal clinic in connection with the case and appeared in Court on September 24, 2015, unaware that the initial conference had been canceled by a Court Order two days earlier. Yet he took no steps to find out the status of the case — let alone defend it — for nearly two years thereafter. *See, e.g.*, *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (ruling that a company could not obtain relief under Rule 60(b)(6) after it delayed its motion to amend a judgment for nearly a year); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 334 (S.D.N.Y. 2002) (adopting a Report and Recommendation by a Magistrate Judge recommending dismissal of a Rule 60(b)(6) motion when the moving party "waited almost a year and a half from the Court's Order directing entry of the default"); *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 158-59 (S.D.N.Y. 1988) (finding a delay of nearly two years unreasonable), *aff'd*, 873 F.2d 38 (2d Cir. 1989).

Joseph claims that he did not "receive[]" any "details regarding" the case between his appearance in Court on September 24, 2015, and the summer of 2017, (Joseph Motion 1), but

that claim is immaterial for two reasons and hard to credit for a third. First, as he was indisputably on notice of the lawsuit, he was under an obligation to take *some* steps to find out the status of the case and defend against it regardless of whether he received any further communications from the Court or Abdullah. Having failed to do so for close to two years, he cannot be said to have acted "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Second, as noted, the Court's Deputy Clerk gave Joseph a copy of the September 22, 2015 Scheduling Order, which set a deadline to oppose the anticipated motion for default judgment and scheduled the October 22, 2015 hearing date for the motion. Thus, as of September 24, 2015, Joseph was on notice of the motion that led to entry of the default judgment and had an opportunity to oppose it, both in writing and in person. And finally, Joseph's claim is — to put it mildly — hard to credit, as the record reveals that Abdullah's counsel e-mailed Joseph, both before the default judgment hearing and after it, at an e-mail address that he had previously used to communicate. (*See* Docket No. 33, Exs. A-B).

Finally, and in any event, Joseph cannot meet the substantive requirements for relief under Rule 60(b)(6). In deciding whether to vacate a default judgment under Rule 60(b), a court must consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) (stating that the same factors are used to evaluate motions to vacate a default judgment under Rules 55 and 60, "although they are applied more rigorously" in the case of a Rule 60(b) motion). All three factors cut against Joseph. First, given his awareness of the lawsuit and the default judgment hearing date, his failure to appear qualifies as willful. Second, while he asserts that he has "many valid defenses," he does so only in

conclusory fashion. *See, e.g.*, *Enron Oil Corp.*, 10 F.3d at 98 ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."). Moreover, his primary defense — that he did not own the corporate defendant — is no defense at all. *See, e.g.*, *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 315 (S.D.N.Y. 2011) (finding an individual liable under FLSA as an employer despite the fact that he did not own the company in question); *see also Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("Personal liability has been found even against a corporate officer who lacks an ownership interest in the corporation or who has minimal ownership interest." (citations omitted)); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013) ("The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA."). And third, given the passage of time, vacatur of the default judgment would plainly cause prejudice to Abdullah. On top of all that, Joseph fails to "demonstrate that 'extraordinary circumstances' warrant relief." *Stevens*, 676 F.3d at 67; *see, e.g.*, *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) ("Notably, a Rule 60(b)(6) motion requires extraordinary circumstances, which typically do not exist where the applicant fails to move for relief promptly." (citations and internal quotation marksomitted)).

For the foregoing reasons, Joseph's Rule 60(b) Motion is DENIED. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Joseph.

SO ORDERED.

Date: April 11, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge

6